UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TATENDA L. NYANHONGO, individually, and on behalf of all other similarly situated consumers,<br><br>            Plaintiff,<br><br>      vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>            Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Tatenda Nyanhongo, alleges:

## PRELIMINARY STATEMENT

1.    This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.    Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.    Plaintiff Tatenda Nyanhongo is a resident of West Brandywine, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.  Portfolio Recovery Associates is a business entity doing business in the State of Pennsylvania, with its corporate headquarters located in Norfolk, Virginia, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

**FACTUAL STATEMENT**

6.  On February 4, 2020, Defendant mailed a collection letter to Plaintiff's address. The letter sought to collect an alleged personal debt from Plaintiff that was incurred through a personal credit card with Capital One Bank.

7.  The letter offers Plaintiff three payment plan options. Each of the options provide discounts.

8.  With the discounts, Defendant states: "The savings will be applied to the balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted. Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report."

9.  The language quoted is confusing and open to multiple interpretations.

10. The phrase "paid-in-full for less than the full balance" is a phrase consumer's regularly see on their credit reports. It is a phrase used for credit reporting settled debts. Accordingly, Defendant's letter remains unclear as to whether it will report this status to the credit agencies for a set period of time. Because this is a phrase commonly associated with how an item is credit reported after settlement, it appears to the least sophisticated consumer that this status will be reported to the credit agencies for a short period of time in the event they chose to settle their debts, as opposed to pay the full balance. Yet, upon information and belief, Defendant does not intend to credit report the account with this language and therefore the reasonable interpretation is false.

2

11. Therefore, by implying that a settlement may harm the consumer's credit for a short period of time, as opposed to full payment that won't indicate the consumer's settlement on the report, Defendant's letter is deceptive and misleading.

## CLASS ACTION ALLEGATIONS

### The Class

12. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

13. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

> (a) all consumers with a Pennsylvania address; (b) for which Defendant sent a collection letter with the language as described herein; (c) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

14. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

15. Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

16. The letters sent by Defendant and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

17.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

18.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

19.     The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Credit America's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

20.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

21.     Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

22.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

23.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

24.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

25.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

26.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

28.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

29. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of their ill-gotten gains.

30. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

31. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

32. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. § 1692f(8).

WHEREFORE, Plaintiff, Tatenda Nyanhongo, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

    b. Enter an Order for injunctive relief prohibiting such conduct in the future;

    c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

    d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

    e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

    f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

33. Plaintiff demands a jury trial on all issues so triable.

Dated this 21st day of December, 2020.

                                        Respectfully Submitted,

                                        /s/ Nicholas Linker
                                        Nicholas Linker, Esq.
                                        **Zemel Law LLC**
                                        660 Broadway
                                        Paterson, New Jersey 07514
                                        T:  862-227-3106
                                        F:  973-282-8603
                                        nl@zemellawllc.com
                                        *Attorneys for Plaintiff*